## ADLER et al. v. LEVINSON.

(Supreme Court, Appellate Term. December 22, 1909.)

BILLS AND NOTES (§ 469*)—CHECKS—NOTICE OF DISHONOR—PLEADING.

Where a complaint on a check alleged that, when it was presented for payment, defendant, who was the drawer, refused to pay, it was not demurrable for a failure to allege notice of dishonor to defendant, under Negotiable Instruments Law (Consol. Laws, c. 38) § 185, providing that notice need not be given to the drawer, where the instrument is presented to the drawer for payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1494, 1498; Dec. Dig. § 469.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Elias J. Adler and others against Emily Levinson. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Isaac Levinson, for appellant.

LEHMAN, J. The plaintiffs in their complaint allege that the defendant gave the plaintiffs her check, payable by Joseph S. Marcus, banker, and that, "when the said check was presented for payment, payment thereof was refused by the defendant herein." The defendant demurred, on the ground that the complaint fails to state that notice of dishonor was given to the defendant. Ewald v. Faulhaber Stable Co., 55 Misc. Rep. 275, 105 N. Y. Supp. 114. In this case, however, the plaintiff alleges that the defendant herself refused to pay. Section 185 of the Negotiable Instruments Law (Consol. Laws, c. 38) provides that notice of dishonor need not be given to the drawer, "where the drawer is the person to whom the instrument is presented for payment."

The demurrer was, therefore, properly overruled, and the judgment must be affirmed, with costs, with leave to the defendant to answer within six days upon payment of costs. All concur.